[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13572
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-20220-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEAN DORVIL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 19, 2014)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Jean Dorvil is a native and citizen of Haiti.  In November 1996, while in the

United States, he pled guilty to two counts of sexual assault on a minor, both

felonies, and was sentenced to probation for a term of five years.[1]  In subsequent removal proceedings, Dorvil was removed to Haiti pursuant to the order of the Immigration Judge.

Dorvil soon re-entered the United States illegally in 2000.  In January 2013, the Department of Homeland Security received information that Dorvil was here illegally and, on March 28, he was arrested.  On May 28, 2013, Dorvil pled guilty to an indictment charging him with illegal reentry after removal, in violation of 8 U.S.C. § 1326(a) and (b)(2), and the District Court sentenced him to a prison term of 48 months, a sentence within the Guidelines sentence range of 41 to 51 months. He now appeals his sentence, arguing that, although the District Court properly calculated the applicable Guidelines sentence range, it imposed an unreasonable sentence because it gave too much weight to his 1996 convictions for sexual assault on a minor; they occurred 17 years ago.

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007).  The sentencing court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" a sentence is to achieve, listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for

---

[1]  The victim of the offenses was Dorvil's 17-year old step daughter.  The offenses occurred while she was visiting her mother in Miami, Florida.

2

the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

We ordinarily expect a sentence within the Guidelines sentence range to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty, as is the case here,[2] is another indicator of a reasonable sentence. *See United States v. Gonzalez,* 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the sentence was reasonable in part because it was well below the statutory maximum). The weight accorded any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). However, we will reverse the district court's decision if left with the "firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the

---

[2] The maximum penalty for the instant offense is 20 years. *See* 8 U.S.C. § 1326(b)(2).

facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (citation omitted).

We conclude that Dorvil's 48-month's sentence is reasonable. It falls within the Guidelines sentence range and well below the year statutory maximum. While the District Court did give specific emphasis to Dorvil's prior convictions for sexual battery, it also considered his mitigating evidence. In all, we thus find no lawful basis for setting aside the sentence in this case.

AFFIRMED.